```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE SOUTHERN DISTRICT OF INDIANA
                            INDIANAPOLIS DIVISION


RANDALL JONES
P.O. Box 187
Westfield, IN  46074,

        Plaintiff,                    Case No.

    v.                                JUDGE

WESTFIELD POLICE DEPARTMENT           COMPLAINT
c/o Chief Joel D. Rush
17535 Dartown Road                    JURY DEMAND ENDORSED HEREIN
Westfield, IN  46074,

   and

CITY OF WESTFIELD, INDIANA
c/o Mayor Andy Cook
2728 E. 171st Street
Westfield, Indiana   46074,

   and

OFFICER DAKOTA FOOTE
  (in his individual capacity
   and/or in his official
   capacity with the Westfield
   Police Department)
Westfield Police Department
17535 Dartown Road
Westfield, IN  46074,

   and
```

OFFICER KAEDEN GEBHART
  (in his individual capacity
   and/or in his official
   capacity with the Westfield
   Police Department)
Westfield Police Department
17535 Dartown Road
Westfield, IN  46074,

  and

OFFICER QAIUMUZZAMAN KHAN
  (in his individual capacity
   and/or in his official
   capacity with the Westfield
   Police Department)
Westfield Police Department
17535 Dartown Road
Westfield, IN  46074,

  and

HEATHER JONES
1281 Sabrian Way, F
Westfield, IN  46074,

  and

SGT. STEFFAN SHORT
  (in his individual capacity
   and/or in his official
   capacity with the Westfield
   Police Department)
Westfield Police Department
17535 Dartown Road
Westfield, IN  46074,

  and

MELANIE L. SULLIVAN
1815 John Bart Road
Lebanon, IN  46052,

  and

```
JANE/JOHN DOE(S) (in his/her
  individual and/or official
  capacities),

        Defendants.
```

**INTRODUCTION**

1. The jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. Section 1343(4), this being an action in equity and a suit authorized by law to be commenced by any person to recover damages for injury and to secure other relief under acts of Congress providing for the protection of civil rights.

2. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. Section 1331, this being a civil action wherein the matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and arises under the Constitution and laws of the United States.

3. The jurisdiction of this Court is also invoked pursuant to the provisions of 28 U.S.C. Section 1343(3), this being a suit to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

4. The plaintiff is seeking remedies pursuant to 42 U.S.C. §1983, wherein every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or

territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

5. The plaintiff is also seeking remedies pursuant to 42 U.S.C. §1985 wherein one or more persons who conspire to subject or cause to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

6. The plaintiff is also seeking remedies pursuant to 42 U.S.C. §1986 wherein every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in 42 U.S.C. §1985 are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, are liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, where such person by reasonable diligence could have prevented the act.

7. The plaintiff, Randall Jones, is a citizen of the United States and a resident of Hamilton County, Indiana, and of this judicial district and division. He is the legal custodian of the minor children born as issue of the union of Randall Jones and Defendant Heather Jones.

8. The defendants, Westfield Police Department and City of Westfield, Indiana, are duly constituted and legally organized and recognized pursuant to the laws of the State of Indiana, and are residents of and/or do business within this judicial district and division.

9. The defendants Officer Dakota Foote, Officer Kaeden Gebhart, Officer Qaiumuzzaman Khan and Sgt. Steffan Short (hereinafter "Foote", "Gebhart", "Khan" and "Short", respectively) are/were at all relevant times, agents, officers and/or employees of defendant Westfield Police Department, and at all times relevant to this Complaint were acting in such capacity, in furtherance of the business interests of said defendant and/or were acting in their respective individual capacities.

10. The defendant Heather Jones is an alcoholic and/or drug user, is the estranged wife of Plaintiff Randall Jones, having been living separate and apart for over three years at the time of the incident complained of herein, and at the time complained of here was a citizen of the United States and a resident of Hamilton County, Indiana, and of this judicial district and division.

11. The defendant Melanie L. Sullivan is the mother of defendant Heather Jones, a citizen of the United States and a resident of Boone County, Indiana, and of this judicial district and division.

12. The defendants, Jane/John Doe, are pseudonyms for the persons who planned, participated in or otherwise engaged in the conduct complained of herein. The names of said defendants will

be substituted after discovery.

13. The actions and/or failures to act of the defendants, by and through their various officers, officials, departments, agencies, agents and/or employees, as alleged hereinafter, shall be deemed to have been performed and/or undertaken, or not performed and/or not undertaken, as the case may be, in their respective capacities, acting within the scope of their respective said authority and in furtherance of the business interests and purposes of the defendants and/or acting in their respective individual capacities.

**CLAIM ONE – 42 U.S.C. SECTION 1983**

14. The plaintiff incorporates by reference the facts and law as alleged in paragraphs one (1) through thirteen (13) as if fully rewritten herein.

15. Since in or about November, 2021 and up to the present time and into the foreseeable future, the plaintiff has and will be denied equal rights with female residents of Hamilton County, Indiana and has and will be denied his Constitutional rights under color of law by the defendants in violation of his rights under the Constitution and laws of the United States and/or under 42 U.S.C. §1983.

16. The denial of equal rights referred to in the preceding paragraph of this Complaint consist of the following:

    A. On or about November 9, 2021, in the evening, the plaintiff was lawfully relaxing in his home wherein he had lived with his children for over two years. Defendant Heather Jones had/has never lived in said home;

B.  Despite the fact that neither Heather Jones nor Melanie L. Sullivan had ever lived at plaintiff's said home, on or about November 9, 2021 said defendants came to Plaintiff's home in the evening, while it was dark outside.  They snuck around the property, looked in windows, made recordings on their cellular phones, and ultimately came to the door and proceeded to initiate an argument with Plaintiff;

C.  Plaintiff repeatedly yelled for defendants Heather Jones and Melanie L. Sullivan to get off his property; however, they refused to do so.  Instead, Defendant Heather Jones advanced upon Plaintiff and taunted and threatened him by holding her phone in his face and attempting to record him while defendant Melanie L. Sullivan hid in the bushes;

D.  Plaintiff again demanded that Defendant Heather Jones leave his property and when she refused to do so and instead pushed her cellular phone in his face to record him, he pulled the phone out of her hand and away from his face and went inside;

E.  Defendants Heather Jones and Melanie L. Sullivan eventually left the property, but called 911 and falsely reported a domestic disturbance over custody despite the fact that there was no such disturbance and further despite the fact that the only "disturbance" was the fact that said defendants continued to trespass on Plaintiff's property and record him without his consent;

  F. When officers from defendant Westfield Police Department arrived on the scene Defendant Foote knocked on Plaintiff's door and indicated that he was responding to a call. When Plaintiff denied calling and indicated that he was the only person in the home, said defendant went outside;

  G. The defendant police officers claimed that they were taking statements from Defendant Melanie L. Sullivan and Heather Jones despite the fact that they had already left the scene. The officers, including but not limited to defendants Foote, Short, Gebhart, Khan and Doe(s), then indicated their belief in the false statements made by defendants Sullivan and Heather Jones and determined to arrest Plaintiff;

  H. Withing minutes after Defendant Foote initially went outside, defendants Short and others charged into Plaintiff's home by opening the door of Plaintiff's home without permission or a warrant and without allowing Plaintiff time to open the door himself. When Plaintiff stated that they were violating his rights by entering his home without permission or a warrant and asked them to leave, they tackled him and wrestled him to the ground;

  I. Said defendants never advised Plaintiff that he was under arrest or the reason that they entered his home; however, they informed one of his neighbors that they entered the home because they thought one of their "comrades" was in the home. Said defendants told another individual that the 911 call gave them probable cause to enter Plaintiff's home and arrest him;

Case 1:23-cv-00964-JMS-TAB    Document 1    Filed 06/01/23    Page 9 of 16 PageID #: 9

9

    J.  Said defendant officers believed the false statements of defendant Heather Jones despite the fact that, in giving her statement she repeatedly "would get off track and had to be reminded to continue on the specific facts of the evening rather than other issues" and despite the fact that she admittedly had ongoing psychological issues;

    K.  Defendant Foote further believed the false statements of defendant Heather Jones despite the fact that she was a known drug abuser on the basis that she was a "cooperative citizen informant" and therefore known to said defendant;

    L.  The defendant officers further failed to inquire of Defendant Heather Jones and/or Melanie L. Sullivan as to what they were doing on Plaintiff's property, whether they had permission to be on his property or were trespassing, and whether Defendant Heather Jones asked Plaintiff's permission to record him;

    M.  As a result of the false and misleading statements of Defendants Heather Jones and Melanie L. Sullivan and/or based upon the personal relationship between Defendant Heather Jones and the Westfield police officers and/or Westfield Police Department, and/or based upon their personal positions that the female in alleged domestic disputes is the victim, the defendant police officers entered the home of Plaintiff Randall Jones, without a warrant and without probable cause, justification or excuse, and without care or concern for the rights of the Plaintiff, and caused him to be arrested and thereafter incarcerated;

N.   Plaintiff was thereafter charged in Hamilton County Superior Court with Domestic Battery, a level 6 Felony, Criminal Mischief, a Class B Misdemeanor and Resisting Law Enforcement, a Class A Misdemeanor, which charges he has been forced to defend for over one and one-half years;

O.   Plaintiff posted bond and has been subjected to the terms, conditions and restrictions of same from on or about November 12, 2021 to the present;

P.   The City of Westfield, Indiana/Westfield Police Department has no established procedure for filing charges and/or prosecuting suspects and the same is at the whim of officers of the Department, including but not limited to defendants Foote, Gebhart, Khan, Short and Doe(s) herein;

Q.   The City of Westfield, Indiana/Westfield Police Department has no established procedure for investigating incidents of domestic abuse or for protecting the rights of male citizens on the male citizen's own property and the same is at the whim of officers of the Department;

R.   Further, the City of Westfield, Indiana/Westfield Police Department maintains on its police force officers who have demonstrated a bias in favor of female citizens and/or who have violated the rights of male citizens without regard to the legal rights of those male citizens; and

S.   The arrest, detention and prosecution of Plaintiff Randall Jones was also in violation of the laws of the State of Indiana.

17. Said wrongful acts and conduct as alleged in the foregoing paragraphs of this complaint were performed under the direction and approval of the defendants, acting in furtherance of each defendant's individual interests and/or acting in furtherance of the business interest of the defendants jointly and/or severally.

18. Said wrongful acts and conduct of the defendants as set forth in the foregoing paragraphs of this complaint were performed on behalf of Defendants Westfield Police Department and/or City of Westfield, Indiana, who, through its officers, agents and/or employees knew or should have known about said acts and conduct and should have taken appropriate action to stop and/or prevent such discriminatory acts and conduct from taking place.

19. Said wrongful acts and/or conduct by defendants were performed knowingly, wantonly, willfully, and/or intentionally and with reckless disregard for the rights of Plaintiff and/or with intent to harass, humiliate, degrade and/or threaten Plaintiff and deprive him of his Constitutional and legal rights under color of law.

20. As a direct and proximate result of the wrongful acts and conduct and/or failures to act of Defendants, Plaintiff has lost custody and visitation with his children and has suffered and continues to suffer loss of income and property, severe physical distress and injury, including but not limited to contusions on his chest, mental anguish, humiliation, embarrassment, and great loss of reputation and standing in the community; further,

Plaintiff has incurred substantial legal fees and expenses to defend the unfounded criminal charges against him and has and will continue to incur legal fees and expenses to seek vindication of his legal rights.

**CLAIM TWO – 42 U.S.C. 1983, UNLAWFUL POLICIES, FAILURE TO TRAIN**

21. The plaintiff incorporates by reference the facts and law as alleged in paragraphs one (1) through twenty (20) as if fully rewritten herein.

22. The defendants City of Westfield, Indiana and the Westfield Police Department are responsible for the policies, statements, ordinances, regulations, customs, and/or usages, which policies, statements, ordinances, regulations, customs and/or usages are pursued by agents, officers and/or law enforcement agencies under its control under color of law.

23. Said defendants have promulgated and/or adopted customs, usages, statements, ordinances, regulations and/or policies whereby conspiracy to deprive citizens of their legal rights, malicious abuse and misuse of process, and reckless disregard of citizens' constitutional and legal rights, and particularly the rights of male citizens in situations involving allegations of domestic abuse, under color of law, have become the norm, the same being condoned, uncontrolled and unpunished.

24. Further, said defendants have failed to adequately and properly train their law enforcement officers in proper procedures, including but not limited to filing charges, investigating 911 calls and utilizing legal process for unlawful means.

25. The plaintiff has been subjected, because of those actions and/or failures to act of said defendants as set forth foregoing, to deprivation under color of law and of the custom and usage of said defendant of rights, privileges and immunities secured to plaintiff by the Constitution and laws of the United States, and particularly his right to be secure in his person and property, his right to privacy, and his rights to equal protection and due process of laws.

26. Said defendants knew of and/or should have known, and/or participated in the illegal acts and conduct set forth foregoing, was deliberately indifferent to same, and should have taken appropriate action to stop and/or prevent such unlawful acts and conduct from taking place.

27. The extreme and outrageous acts and conduct of said defendants was performed knowingly, intentionally, recklessly and maliciously to the detriment and injury of Plaintiff.

28. As a direct and proximate result of said defendants' extreme and outrageous acts and conduct the plaintiff has suffered those damages set forth in the foregoing paragraph twenty (20).

**CLAIM THREE – 42 U.S.C. SECTIONS 1985, 1986**

29. The plaintiff incorporates by reference the facts and law as alleged in paragraphs one (1) through twenty-eight (28) as if fully rewritten herein.

30. The defendants, acting in concert with themselves and unnamed individuals, constitute conspiracy of defendants,

willfully acting or omitting to act in concert, to deprive Plaintiff of his rights in violation of the Constitution of the United States and 42 U.S.C. Sections 1985 and 1986.

31. As a direct and proximate result of the wrongful acts and conduct and/or failures to act on the parts of Defendants the Plaintiff has suffered those damages set forth in the foregoing paragraph twenty (20).

**CLAIM FOUR – SELECTIVE PROSECUTION**

32. The plaintiff incorporates by reference the facts and law as alleged in paragraphs one (1) through thirty-one (31) as if fully rewritten herein.

33. The actions of defendants constitute selective prosecution.

34. As a direct and proximate result of the wrongful acts and conduct and/or failures to act on the parts of Defendants the plaintiff has suffered those damages set forth in the foregoing paragraph twenty (20).

**CLAIM FIVE – FOURTH AMENDMENT VIOLATIONS**

35. The plaintiff incorporates by reference the facts and law as alleged in paragraphs one (1) through thirty-four (34) as if fully rewritten herein.

36. The actions of Defendants constitute abuse of process and violations of Plaintiff's Fourth Amendment right to be free from unreasonable detention and his right to privacy.

37. As a direct and proximate result of the acts and conduct of defendants the plaintiff has suffered those damages set forth in the foregoing paragraph twenty (20).

**CLAIM SIX -- TRESPASS**

38. The plaintiff incorporates by reference the facts and law as alleged in paragraphs one (1) through thirty-seven (37) as if fully rewritten herein.

39. This Court's supplemental jurisdiction is hereby invoked.

40. The actions of defendants Heather Jones and Melanie L. Sullivan constitute trespass upon the property of the plaintiff.

41. As a direct and proximate result of the wrongful acts and conduct on the parts of said defendants the plaintiff has suffered those damages set forth in the foregoing paragraph twenty (20).

WHEREFORE, plaintiff demands judgment against the defendants jointly and/or severally, on the foregoing claims, whether considered jointly and/or severally, as follows:

1. Awarding compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00);

2. Awarding punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00);

3. Awarding plaintiff his reasonable attorney fees and costs and expenses of this action; and

4. Granting such other and further relief as may be deemed just and equitable.

Respectfully submitted,

*/s/James H. Banks*
James H. Banks
Ohio Supreme Court #0031958
Indiana Temp. Adm. #8046-95-TA
Counsel for Plaintiff
P.O. Box 40
Dublin, Ohio  43017
Tel. (614) 866-0666
Fax. (614) 396-7747
Email:  Najjarbank@aol.com

JURY DEMAND

Plaintiff demands a trial by jury of this action.

*James H. Banks*
James H. Banks, Esq.